J-S22011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS LEE GRAHAM, | |
| Appellant | No. 1583 MDA 2016 |

Appeal from the PCRA Order September 1, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003377-2005, CP-06-CR-0003378-2005

BEFORE: SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 22, 2017**

Appellant, Marcus Lee Graham, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

A prior panel of this Court summarized the facts and initial procedural history as follows:

> Appellant pled guilty to first-degree murder, robbery, conspiracy to commit robbery, and related charges of kidnapping and burglary[1] stemming from an incident that occurred over a two-day period commencing March 3, 2005. He and his co-defendants, Luis Fargas and Michael Hall, abducted Jonathan Yocum and stripped, bound, and threatened him until he

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 3701, 903, 2901, and 3502, respectively.

provided the PIN number to his ATM card. Appellant continued to hold Mr. Yocum prisoner while Fargas and Hall took the victim's Jeep and withdrew $500 from the victim's account at a convenience store ATM. The next day, the three men held Mr. Yocum at gunpoint as they entered his home and stole his checkbook, a PlayStation, and several large jugs of change. They forced Mr. Yocum to fill out a withdrawal slip for $2,000, drove him to the bank where he secured the cash, and then took the money from the victim. The three co-conspirators continued to hold Mr. Yocum while they had breakfast and shopped, and later, forced him to make another withdrawal from a bank drive-through using a personal check.

Appellant decided that Mr. Yocum had to be killed. He and his coconspirators purchased plastic wrap and duct tape. Appellant dropped off Fargas near his home after paying him $200 for a gun and warning him not to tell anyone about the events. Appellant and Hall wrapped Mr. Yocum's head in multiple layers of plastic wrap and his body in layers of duct tape. Then, Appellant fatally shot Mr. Yocum in the head, wrapped his body in a green blanket, and left it in the back seat of his vehicle.

Appellant's co-conspirator Hall was sentenced to life in prison; Fargas was sentenced to twelve to twenty years imprisonment. Appellant was charged with first-degree murder and the Commonwealth notified him that it intended to seek the death penalty. Appellant pled guilty to all charges and received an aggregate sentence of life imprisonment plus forty to eighty years incarceration.

Appellant filed a post-sentence motion challenging his sentence as excessive, and subsequently sought to withdraw his guilty plea alleging that his counsel coerced it. Trial counsel, John Elder and Michael Dautrich, were permitted to withdraw and new counsel was appointed. After a hearing on Appellant's petitions, the trial court denied relief. Appellant timely appealed asserting the same issues. Appellate counsel Jill Scheidt filed an *Anders*[2] brief and sought leave to withdraw. This Court affirmed judgment of sentence on December 2, 2009, and

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

granted counsel's motion to withdraw. ***Commonwealth v. Graham***, 990 A.2d 44[, 631 and 632 MDA 2008] (Pa. Super. [filed December 2,] 2009) [(unpublished memorandum)]. Appellant's petition seeking an extension of time to file a petition for *allocatur* was denied on January 27, 2010.

Appellant filed [a] *pro se* PCRA petition on November 1, 2010, and the trial court appointed counsel. Counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and requested leave to withdraw as counsel. Appellant filed a response. A hearing was held and Appellant retained new counsel, who filed an amended PCRA petition with the court's permission. Following an evidentiary hearing on October 23, 2013, the PCRA court denied relief.

***Commonwealth v. Graham***, 108 A.3d 127, 619 and 620 MDA 2014 (Pa. Super. filed October 31, 2014) (unpublished memorandum at 2–4). This Court affirmed the denial of PCRA relief, ***id***., and our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Graham***, 112 A.3d 650 (Pa. filed March 10, 2015).

Appellant, *pro se*, filed the instant PCRA Petition, his second, on May 18, 2015, followed by an Amended PCRA Petition ("Amended Petition") on August 24, 2015. On June 22, 2016, the PCRA court entered its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response on July 12, 2016. The court dismissed the PCRA petition on August 31, 2016. Appellant filed a timely notice of appeal to this Court. Appellant filed a Pa.R.A.P. 1925(b) statement; the PCRA court filed a Rule 1925(a) opinion appending its March 13, 2014 opinion denying Appellant's first PCRA opinion, stating it "fully address[ed] the issues raised

in Appellant's [present] concise statement." PCRA Court Opinion, 12/13/16, at 4.

Appellant presents the following issues in his *pro se* appellate brief:

1.     DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO ARGUE, AMEND, DEVELOP AND PRESERVE ON INITIAL COLLATERAL REVIEW PETITIONER'S SIXTH AMENDMENT OF THE U.S. CONSTITUTION RIGHT TO EFFECTIVE COUNSEL AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION RIGHT TO DUE PROCESS WAS VIOLATED WHEN PLEA COUNSEL(S) USED COERCION AND AIDED IN KEEPING AND FARTHER MAKING APPELLANT INCOMPETENT AND ABSENT OF REQUEST TRIAL COURT FAILED TO CONDUCT A COMPETENCY HEARING BEFORE ALLOWING HIM TO PLEAD GUILTY.

2.     DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO ARGUE, AMEND, DEVELOP AND PRESERVE ON INITIAL COLLATERAL REVIEW THE FULL FACTUAL BASIS OF APPELLANT'S CLAIM PLEA COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION FOR ADVISING PETITIONER TO PLEAD GUILTY WHEN COUNSEL FAILED TO INVESTIGATE AND INTERVIEW ALIBI WITNESSES; FAILED TO INVESTIGATE AND SUBPOENA INCONTROVERTIBLE PHYSICAL FACT(S) IN THE FORM OF CELLULAR AND HOME TELEPHONE RECORD(S) THAT CORROBORATE WITH INCONTROVERTIBLE PHYSICAL FACT(S) IN THE FORM OF CHAIN OF EVENT(S) IN THE CRIME(S) CORROBORATING WITH PETITIONER'S ALIBI WITNESSES STATEMENT(S); AND FAILED TO TIMELY NOTICE ALIBI DEFENSE.

3. DID THE PCRA COURT VIOLATE APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO DEVELOP PREJUDICE DURING INITIAL COLLATERAL PROCEEDING CONCERNING PLEA COUNSEL BEING INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION FOR ADVISING PETITIONER AS TO THE COMMONWEALTH'S EXPERT OPINION AND FAILING TO

MOVE TO SUPPRESS AN ALLEGED INCRIMINATING LETTER WHICH APPELLANT AVERRED HAD BEEN TAMPERED WITH AND/OR FORGED BY CO-DEFENDANT LUIS FARGAS.

4. DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO DISCOVER, RAISE, AMEND AND PRESERVE THE FULL FACTUAL BASIS OF APPELLANT'S CLAIM PLEA COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 9, SECTION AND ARTICLE 5, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION IN THAT COUNSEL FAILED TO EXPLAIN OR REQUIRE THE COURT TO EXPLAIN THE ELEMENTS OF EACH OFFENSE SO THAT APPELLANT COULD MAKE A KNOWING AND INTELLIGENT DECISION WHETHER TO PLEAD GUILTY.

5. DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO RAISE ON INITIAL COLLATERAL REVIEW THE LEGAL AND/OR FACTUAL BASIS OF APPELLANT'S CLAIM PLEA COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION FOR ADVISING APPELLANT TO PLEAD GUILTY WHEN SAID ADVICE WAS OBJECTIONABY UNREASONABLE DUE TO COUNSEL'S LACK OF INVESTIGATION.

6. DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR ERROROUSLY ADVISING APPELLANT HE COULD NOT RAISE CLAIM PLEA COUNSEL(S) WERE INEFFECTIVE UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION FOR COERCING APPELLANT TO PLEAD GUILTY BASED ON HIS MOTHER WANTING HIM TO PLEAD GUILTY.

7. DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO AMEND INITIAL COLLATERAL REVIEW PETITION THAT PROSECUTION COMMITTED BRADY VIOLATION AND VIOLATED APPELLANT'S FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION RIGHT TO DUE PROCESS WHEN THE PROSECUTION SUPPRESSES EXCULPATORY EVIDENCE OF PRIOR COERCION AND CORRUPT POLICE TACTIC(S) USED BY C.I. ANGEL CABRERA ON THE

ORDERS OF FORMER D.A. MARK C. BLADWIN IN ORDER TO GET CONVICTIONS BEFORE ALLOWING HIM TO PLEAD GUILTY.

8. DID THE PCRA COURT ERROR BY FINDING THAT PCRA COUNSEL WAS NOT INEFFECTIVE PURSUANT TO Pa.R.Crim.P. 904(F)(2) FOR FAILING TO RAISE ON INITIAL COLLATERAL REVIEW THE FACTUAL BASIS OF APPELLANT'S CLAIM BEING ENTITLED TO RELIEF PURSUANT TO MILLER V. ALABAMA, THE EIGHTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

Appellant's Brief at 3–5 (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must address whether this appeal is properly before us. The PCRA court addressed the timeliness of Appellant's PCRA petition in its order and notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Order, 6/22/16. However, it curiously failed to address the timeliness of the petition when it filed its Pa.R.A.P. 1925(a) opinion. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). "Whether [a petitioner] has carried his burden is a threshold inquiry prior to

- 6 -

considering the merits of any claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013). Moreover, as the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

In order to be considered timely, a first or any subsequent PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted previously, this Court affirmed the judgment of sentence on December 2, 2009. Appellant did not file a petition for allowance of appeal to our Supreme Court.[3] Appellant's judgment of sentence became final on January 4, 2010, when the time for filing a petition for allowance of appeal

---

[3] Appellant's filing of a petition for extension of time to file a petition for allowance of appeal did not extend the finality computation for his judgment of sentence. As we noted in our prior decision affirming the denial of Appellant's first petition for PCRA relief, Appellant merely filed a petition seeking an extension of time to file such petition. ***Graham***, 108 A.3d 127 (unpublished memorandum at 3). The actual filing of a petition for allowance of appeal is the pertinent document for our purposes, and the record reflects that one was never filed.

with the Pennsylvania Supreme Court expired.[4]  Therefore, Appellant had to file the current PCRA petition by January 4, 2011, in order for it to be timely. 42 Pa.C.S. § 9545(b)(3).  The instant petition, filed May 18, 2015, is facially untimely.

An untimely petition may be received when the petition alleges and the petitioner proves that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5]  In order to be entitled to the exceptions to the PCRA's one-year filing

_____

[4]  The thirty-day period for filing a petition of allowance of appeal to the Pennsylvania Supreme Court ended on Friday, January 1, 2010, which was New Year's Day, a legal holiday.  Thus, Appellant had until Monday, January 4, 2010, to timely file his petition.  **See** 1 Pa.C.S. § 1908 (whenever the last day of any time period referred to in a statute falls on a Saturday, Sunday, or legal holiday, we omit those days from the computation).

[5]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 8 -

deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant has not cogently asserted applicability of any of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii) in his brief to this Court. We glean two implied bases, however, from Appellant's May 18, 2015 PCRA Petition and Amended Petition. Appellant maintains that he uncovered a new violation of the Commonwealth's due process obligation to disclose exculpatory evidence under **Brady v. Maryland**, 373 U.S. 83 (1963), and its progeny, a fact allegedly unknown to Appellant that could not have been discovered through due diligence. Amended Petition, 8/24/15, at 89–91. As noted by the PCRA court, Appellant contends the filing of the **Brady** claim resulted from the ineffective assistance of PCRA counsel. Order and Notice of Intent to Dismiss, 6/22/16, at 5. In this claim, Appellant alleged that an affidavit from Bryant Graham, containing hearsay information from Joseph Stajkowski, proved that Angel Cabrera, a criminal investigator, coerced witnesses to lie at the request of former District Attorney Mark Baldwin. Amended Petition, 8/24/15, at 89–91; Appellant's Brief at 86. In his Amended Petition, Appellant alleged he first learned of this affidavit on October 22, 2013, but did not obtain a copy of it until January 3, 2014. Amended Petition, 8/24/15, at 89–91. Even assuming

these dates are accurate, 42 Pa.C.S. § 9545(b)(2) requires the filing of any claim related to this affidavit no later than March 3, 2014, sixty days after January 3, 2014. While Appellant maintains that the delay in raising this claim resulted from errors of first PCRA counsel, Appellant's claim of PCRA counsel's ineffectiveness does not satisfy an exception to the PCRA time bar. *Commonwealth v. Zeigler*, 148 A.3d 849, 853–854 (Pa. Super. 2016) (citing *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (explaining general rule that claim of ineffective assistance of counsel does not save otherwise untimely PCRA petition for review on merits)).

Suggesting applicability of the third exception of 42 Pa.C.S. § 9545(b)(1), Appellant cites to *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), in the Amended Petition. Amended Petition, 8/24/15, at 97. In *Miller*, the Supreme Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition against cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. *Id*. at 2475.

Subsequently, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), clarifying that *Miller* applies retroactively. *Montgomery*, 136 S.Ct. at 735-736. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa. Super. 2016), this Court held that the filing date of *Montgomery* is to be used when calculating

whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S. § 9545(b)(2). *Secreti*, 134 A.3d at 82. Accordingly, pursuant to *Secreti*, Appellant has satisfied the sixty-day rule of section 9545(b)(2) because the instant PCRA petition was pending when *Montgomery* was decided on January 25, 2016.

The holding in *Miller*, however, was limited to those offenders who were under the age of eighteen at the time they committed their crimes. *Miller*, 132 S.Ct. at 2460. In *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), this Court held that *Miller* is not an exception under section 9545(b)(1)(iii) to those age eighteen or over at the time of the commission of their crimes. *Cintora*, 69 A.3d at 764. In *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016), we reaffirmed our holding in *Cintora*. In *Furgess*, the appellant, who was nineteen years old when he committed his crimes, presented an argument similar to Appellant's claim that because "his brain had not completed its maturation and development," he was similar to a juvenile. Amended Petition, 8/24/15, at 97; *Furgess*, 149 A.3d at 94. We rejected this contention. *Furgess*, 149 A.3d at 94.

Our review of the certified record reflects that Appellant's date of birth is October 12, 1986. The crimes for which Appellant was convicted occurred in March of 2005. Thus, Appellant was not a juvenile when he committed his crimes. Based on our holdings in *Cintora* and *Furgess*, it is apparent that the rule announced in *Miller* cannot apply to Appellant, who was not under

- 11 -

eighteen years old when he committed murder. Accordingly, Appellant's arguments that **Miller** should apply to his case cannot satisfy the timeliness exception of section 9545(b)(1)(iii).

Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court properly dismissed the PCRA petition and denied relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").[6]

_____

[6] We are compelled to comment on the brief Appellant has filed in this appeal. Appellant submitted a 110-page principal brief and a seventeen-page reply brief with sixty-eight pages of attachments. He does not certify a word-count for the reply brief; he includes a certification of a 24,245 word-count for the principal brief. Appellant's Brief at unnumbered page preceding page i. Pursuant to Pa.R.A.P. 2135, "a principal brief shall not exceed 14,000 words and a reply brief shall not exceed 7,000 words." Pa.R.A.P. 2135(a)(1). If a principal brief exceeds thirty pages and/or a reply brief exceeds fifteen pages, the appellant must certify with the appellate court that the brief **complies** with the word limitation. **Id**. (emphasis added). Appellant's principal brief exceeds the page limit by eighty pages, nearly four times the limit, and the word count by 10,245 words, which is nearly double the word limit of Rule 2135.

It is apparent that Appellant is in violation of Rule 2135. In **Commonwealth v. Spuck**, 86 A.3d 870 (Pa. Super. 2014), this Court quashed the appeal relying upon, *inter alia*, Pa.R.A.P. 2135. Further, Pa.R.A.P. 2101 underscores the seriousness with which the appellate courts take deviations from procedural rules, as it permits us to quash or dismiss
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/22/2017</u>

---

an appeal for procedural noncompliance. Pa.R.A.P. 2101; **Commonwealth v. Lyons**, 833 A.2d 245 (Pa. Super. 2003). "[P]ro se status confers no special benefit upon the appellant." **Id**. at 252. To the contrary, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Adams**, 882 A.2d 496, 497–498 (Pa. Super. 2005).

As in **Spuck**, if the instant petition was timely, we would conclude that quashal is the appropriate remedy in this case. Appellant's brief is nearly two hundred percent too long, and it appears to be nothing but an exhaustive rehash of the issues presented in his previous PCRA petition and appeal.